IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS BERNAL, | No. 4:21-CV-1183 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| MORRIS HOUSER, SUPERINTENDENT, | |
| Respondent. | |

**MEMORANDUM OPINION**

**OCTOBER 5, 2021**

## I.   BACKGROUND

Luis Bernal, an inmate presently confined at the Benner State Correctional Institution, Bellefonte, Pennsylvania (SCI-Benner), filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] Named as Respondent is SCI-Benner Superintendent Morris Houser.[2] The required filing fee has been paid. Subsequent to the filing of the Petition, Bernal filed a motion to stay the petition, to allow him to exhaust his claim in the state court in order to fulfill his exhaustion requirement and prevent the expiration of his statutory time to seek federal habeas corpus relief.[3] Service of the Petition has not yet been ordered.

---

[1] Doc. 1.
[2] *Id*.
[3] Doc. 5.

According to the motion, Petitioner seeks a stay, based on the fact that he "had about thirty (30) days to file the habeas petition in this Court" and "Petitioner is not sure that the subsequent petition filed in the state court is not 'properly filed' and therefore the AEDPA will not be tolled."[4]

Thus, Bernal requests that the instant proceeding be stayed until the conclusion of his state court proceedings.[5]

## II. DISCUSSION

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless the applicant has exhausted the remedies available in the courts of the state; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have

---

[4] *Id.*
[5] *Id.*

exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."[6]  "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'"[7]  The Supreme Court of the United States in *O'Sullivan v. Boerckel* explained that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State."[8]  The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies; that is to say whether he has fairly presented his claims to the state courts.[9]

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be

---

[6]  *Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001).
[7]  *Woodford v. Ngo*, 548 U.S. 81, 92 (2006)(internal citations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process).
[8]  *Id*. at 847.
[9]  *See id*. at 848.

3

available to the state courts.[10]  Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted.[11]  The exhaustion requirement is satisfied if a petitioner's claims are presented through a collateral proceeding, such as a petition under Pennsylvania's Post Conviction Relief Act (PCRA); it is not necessary to present federal claims to state courts on both direct appeal and in a PCRA proceeding.[12]

The Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed.[13]  However, in both *Rhines v. Weber*[14] and *Crews v. Horn*,[15] § 2254 petitioners filed timely but mixed federal habeas corpus petitions (one containing both exhausted and unexhausted claims).  Both *Rhines* and *Crews* addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).

---

[10] *Evans v. Court of Common Pleas*, 959 F. 2d 1227,1230 (3d Cir. 1992); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).
[11] *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001).
[12] *Evans*, 959 F.2d at 1230.
[13] *Rose v. Lundy*, 455 U.S. 509, 522(1982).
[14] 544 U.S. 269 (2005).
[15] 360 F. 3d 146 (3d Cir. 2004).

*Rhines* recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court.[16]  Our Court of Appeals in *Crews* similarly recognized that in order to avoid an unfair result "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."[17]

Here, Bernal's pending motion appears to indicate that he has a matter pending before the Pennsylvania Superior Court.  Given the liberal consideration afforded to *pro se* litigants, it appears that Petitioner is seeking a stay so that he can attempt to obtain state court review of unexhausted claims.  As in *Crews*, Bernal should not face the prospect of forfeiting federal court review of any issues.  In this regard, there is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments.  Recognizing that Bernal may not have any additional time in which to file a new federal habeas petition if he returns to pursue further state court review, *Crews* counsels in favor of allowing the state courts the initial opportunity to review any unexhausted claims.  Bernal's request for a stay of litigation in this case will therefore be

---

[16] *Rhines*, 544U.S. at 277.
[17] *Crews*, 360F.3d at p. 154 (internal citations omitted).

granted so that he may complete state review of any pending, unexhausted federal claim.

In the event that the state courts refuse to entertain such review, Petitioner may then return to this Court and seek review of any unexhausted claims or he may elect to solely proceed with his exhausted claims.

### III.  CONCLUSION

In order to keep this matter moving forward, within thirty (30) days of disposition of Bernal's state court proceedings, he shall file a written status report with this Court.  That status report shall include a copy of the relevant state court disposition.

Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his relevant state court proceedings have concluded, the stay issued in this matter will be lifted. Until such time, this matter will be marked closed for administrative purposes.

An appropriate Order follows.

> BY THE COURT:
>
> *s/ Matthew W. Brann*
> Matthew W. Brann
> Chief United States District Judge