IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LUIS BERNAL,                                      :        No. 4:21cv1183
                                                  :
                        Petitioner                :        (Judge Munley)
                                                  :
            v.                                    :
                                                  :
SUPERINTENDENT HOUSER, *et al.*,                  :
                                                  :
                        Respondents               :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Luis Bernal ("Bernal") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Huntingdon County, Pennsylvania. (Doc. 1). For the reasons discussed below, the court will dismiss the petition as untimely.

## I.    State Court Background[1]

On September 11, 2015, a jury convicted Bernal of three counts of possession of a controlled substance with intent to deliver, two counts of corrupt organizations, and one count each of conspiracy, criminal use of a

---

[1] A federal habeas court may take judicial notice of state court records. Minney v. Winstead, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); see also Reynolds v. Ellingsworth, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the court takes judicial notice of the publicly available dockets in the Court of Common Pleas of Huntingdon County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.

communication facility, and dealing in proceeds of unlawful activities.  See

Commonwealth v. Bernal, https://ujsportal.pacourts.us, electronic docket number

CP-31-CR-0000615-2014.  On January 5, 2016, the trial court sentenced Bernal

to an aggregate sentence of 16 to 32 years' imprisonment.  See id.  Bernal filed a

timely direct appeal, and, on February 27, 2017, the Pennsylvania Superior Court

affirmed his judgment of sentence.  Commonwealth v. Bernal, No. 1129 MDA

2016, 2017 WL 758505 (Pa. Super. Feb. 27, 2017).  Bernal did not file a petition

for allowance of appeal with the Pennsylvania Supreme Court.  Thus, his

judgment of sentence became final on March 29, 2017, upon the expiration of the

30-day period to file a petition for allowance of appeal with the Pennsylvania

Supreme Court.  See PA. R.A.P. 1113(a) (30 days to file petition for allowance of

appeal).

On February 20, 2018, Bernal filed a timely pro se petition for post-

conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42

PA. CONS. STAT. §§ 9541-46.  See Bernal, CP-31-CR-0000615-2014.  Counsel

subsequently filed an amended petition.  (See Doc. 23-2, p. 3).  On January 21,

2020, the PCRA court denied the petition.  (Doc. 23-2).  Bernal filed a timely

appeal to the Pennsylvania Superior Court.  Commonwealth v. Bernal, No. 258

MDA 2020 (Pa. Super.).  On January 21, 2021, the Superior Court affirmed the

PCRA court's denial of the petition.  Commonwealth v. Bernal, 248 A.3d 495

2

(Table), 2021 WL 218035 (Pa. Super. Jan. 21, 2021).  However, Bernal did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On February 20, 2018, Bernal filed a second *pro se* PCRA petition.  See Bernal, CP-31-CR-0000615-2014.  Bernal subsequently retained private counsel, who filed an amended petition on May 10, 2021.  (See Doc. 23-8).  On June 30, 2021, the PCRA court dismissed the petition as untimely.  (Doc. 23-6).  Bernal filed a timely appeal to the Pennsylvania Superior Court.  Commonwealth v. Bernal, No. 974 MDA 2021 (Pa. Super.).  On September 13, 2022, the Superior Court affirmed the PCRA court's dismissal of the petition as untimely.  Commonwealth v. Bernal, 285 A.3d 925 (Table), 2022 WL 4138187 (Pa. Super. Sept. 13, 2022).  Bernal sought allowance of appeal in the Pennsylvania Supreme Court, which was denied on February 21, 2023.  Commonwealth v. Bernal, No. 447 MAL 2022, 293 A.3d 246 (Table) (Pa. Feb. 21, 2023).

On or about June 21, 2021, Bernal filed the instant federal habeas petition. (Doc. 1).  In response, Respondents argue that the petition must be dismissed as untimely.  (Doc. 23).  The petition is ripe for resolution.

**II.    Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties

3

of the United States." 28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  See 28 U.S.C. § 2244(d)(1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Bernal's judgment of sentence became final on March 29, 2017, upon the expiration of the 30-day period to file a petition for allowance of appeal with the Pennsylvania Supreme Court. He had one year after his sentence became final to file his federal habeas petition. The AEDPA statute of limitations under § 2254(d)(1)(A) expired on March 29, 2018. However, Bernal did not file the instant petition until June 21, 2021, more than three years after the expiration of the statute of limitations. Therefore, the instant petition must be dismissed unless the statute of limitations is subject to statutory or equitable tolling, or the actual innocence exception.

## A.   Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitations period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. See 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on March 29, 2017, and, absent any tolling, would expire on March 29, 2018. However, pursuant to 28 U.S.C. § 2244(d)(2), when Bernal filed his first PCRA petition on February 20, 2018, the

5

AEDPA's filing period was statutorily tolled.[2]  At that point, the AEDPA clock ran for 328 days, with 37 days of the one-year filing period remaining.  The statute remained tolled until February 22, 2021, at the expiration of the 30-day period to seek review with the Pennsylvania Supreme Court.  See PA. R.A.P. 1113(a).  On February 22, 2021, the statute began running again, and the 37 days remaining in which to file his federal petition expired on March 31, 2021.  As a result, absent equitable tolling or the applicability of the actual innocence exception, Bernal's federal habeas petition filed on June 21, 2021, is 82 days late.

## B.   Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he

---

[2] During that time, on February 18, 2021, Bernal filed a second PCRA petition.  The state courts found the petition to be untimely.  See Commonwealth v. Bernal, 285 A.3d 925 (Table), 2022 WL 4138187 (Pa. Super. Sept. 13, 2022).  Bernal's second PCRA petition did not toll the statute of limitations to file a federal habeas petition because it was an untimely-filed PCRA petition.  See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected Petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2).").  Accordingly, Bernal is not entitled to further statutory tolling for the period during which his second PCRA petition was pending.

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Jones, 195 F.3d at 159; Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

Here, Bernal claims an extraordinary circumstance was created by his first PCRA counsel's ineffective assistance; specifically, PCRA counsel's failure to file a petition for allowance of appeal after the Superior Court affirmed the denial of his first PCRA petition. (Doc. 1). Upon review, it cannot be said that any

7

extraordinary circumstances prevented Bernal from timely filing his federal habeas corpus petition.

Generally, ineffective assistance of counsel has not been considered an extraordinary circumstance where the ineffectiveness was due to counsel's negligence or mistake. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). For example, in non-capital cases, attorney error, inadequate research, miscalculation, or other mistakes do not qualify as "extraordinary circumstances" sufficient to trigger equitable tolling. Id. Serious attorney misconduct, however, may warrant equitable tolling. See Nara, 264 F.3d at 320 (claims of serious attorney misconduct may provide a basis for equitable tolling), overruled on other grounds by Carey v. Saffold, 536 U.S. 214 (2002). Bernal's claims of ineffective assistance, premised on attorney error and alleged abandonment, do not rise to the level of serious attorney misconduct, and thus will not be considered extraordinary circumstances.

Bernal asserts that his first PCRA counsel failed to seek allowance of appeal in the Pennsylvania Supreme Court. However, on May 9, 2000, the Pennsylvania Supreme Court issued Order 218, which dispensed with the requirement of pursuing discretionary appellate relief before the Pennsylvania Supreme Court and provided that a petitioner has effectively exhausted available state remedies for purposes of federal habeas relief upon presenting the claim to

8

the Superior Court.  See Wenger v. Frank, 266 F.3d 218, 224-25 (3d Cir. 2001),

cert. denied, Wenger v. Kyler, 535 U.S. 957 (2002); Lambert v. Blackwell, 175

F.Supp.2d 776, 784-85 (E.D. Pa. 2001); Mattis v. Vaughn, 128 F.Supp.2d 249,

260-61 (E.D. Pa. 2001); Blasi v. Attorney General of the Commonwealth of

Pennsylvania, 120 F.Supp.2d 451, 466 (M.D. Pa. 2000).  Bernal was not required

to petition for allowance of appeal following the Superior Court's adverse

decision in order to be deemed to have exhausted all available state remedies.

PCRA counsel did not abandon Bernal, as he properly pursued his claim through

the PCRA court and Superior Court.

Moreover, even crediting Bernal's claim that his PCRA counsel failed to file

a petition for allowance of appeal, Bernal became aware of the Superior Court's

denial on January 28, 2021, when he received the Superior Court decision.  (See

Doc. 1, pp. 13, 15-18).  Nevertheless, Bernal waited another five months before

filing the instant habeas petition.  Bernal alleges that he pursued his rights

diligently—ultimately in the wrong forum—by filing a second PCRA petition.

(Doc. 3, p. 7).  He further alleges that he was denied access to the prison law

library, and it took one week to receive a § 2254 form.  (Id. at pp. 7-8).  However,

in his second PCRA petition, Bernal did not assert that his first PCRA counsel

was ineffective for failing to file a petition for allowance of appeal.  (See Docs. 23-

8, 23-9, 23-10).  Nor does he assert that he made any attempts to file a federal

9

habeas petition during that time. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013) (citing Holland v. Florida, 560 U.S. 631, 653 (2010)). The petitioner must have exercised such reasonable diligence with respect to both the exhaustion of state remedies and the filing of the federal habeas petition. See id.

Bernal demonstrated awareness of state and federal procedures. He submitted an Inmate's Request to Staff Member form on January 28, 2021, the very day he received the Superior Court's denial of his first PCRA petition, and requested another PCRA petition "before [his] appeal right[]s expired." (Doc. 1, p. 15). He proceeded to file a second, *pro se* PCRA petition on February 18, 2021, 22 days after he received the Superior Court's decision. Bernal still waited five months after receiving the Superior Court's decision to file a federal habeas petition, and over three years from the point that his conviction became final. He failed to file a protective § 2254 application prior to March 31, 2021, the expiration of his AEDPA period, or—at the very least—upon receiving the Superior Court's decision on January 28, 2021. See Pace, 544 U.S. at 416 (petitioner may file "a 'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted") (internal citations omitted); Darden v. Sobina, 477 F. App'x 912, 918

10

(3d Cir. 2012) (not precedential) (petitioner failed to diligently pursue his federal rights by not filing a "protective" federal petition while pursuing state collateral relief); Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) (petitioner may seek a "protective" petition despite presenting only unexhausted claims). A litigant's *pro se* status does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. See Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have "fil[ed] at least a basic *pro se* habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him). Bernal did not diligently pursue his *federal* rights after he received the Superior Court decision on January 28, 2021, and is not entitled to equitable tolling on that basis.

In sum, Bernal has failed to set forth any extraordinary circumstance or acceptable excuse for his delay in filing the instant petition. The court thus finds that Bernal has not met the demands of the equitable tolling doctrine to bring his federal filing within the AEDPA one-year limitations period.

## C.   Actual Innocence Exception to the AEDPA Time Limitation

The Supreme Court has held that a convincing claim of actual innocence will overcome § 2244's limitations period. McQuiggin v. Perkins, 569 U.S. 383

11

(2013). The actual innocence test requires the petitioner to supplement his claim with new, reliable evidence of factual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). The Supreme Court has explained that this is an exacting standard. "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" <u>McQuiggin</u>, 569 U.S. at 394-95 (quoting <u>Schlup</u>, 513 U.S. at 329).

Bernal does not assert his actual innocence. Nor does he present any new evidence to show that "it is more likely than not that no reasonable juror would have convicted [him]." <u>McQuiggin</u>, 569 U.S. at 395 (quoting <u>Schlup</u>, 513 U.S. at 329). Absent a showing of new reliable evidence of factual innocence, Bernal is not entitled to the actual innocence exception to the time-bar.

## III.   <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

12

deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Bernal failed to demonstrate that a certificate of appealability should issue.

## IV.   Conclusion

The Court will dismiss Bernal's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely, and a certificate of appealability will not issue.  A separate Order shall issue.

**Date: July 8, 2024**

JUDGE JULIA K. MUNLEY
United States District Court